UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER W. LUSBY, JR.,

        Plaintiff,

vs.                          Case No.  2:05-cv-529-FtM-29DNF

TOMMY K. HILL,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Court Default Judgment (Doc. #11), filed on October 3, 2006.  No response has been filed and the time to do so has expired.

**I.**

The Complaint (Doc. #1) alleges a breach of a $54 million contract to purchase stock; fraud; and RICO.  The only facts in support are that a contract was created in Naples, Florida, and signed by defendant in Virginia.  The contract provided for a purchase price of 30% per month from a high yield investment program for three years resulting in a 80% stock ownership of a company in favor of plaintiff.  Defendant never had a high yield investment program.  Plaintiff seeks $54 million in damages.

The attachments to the Complaint (Doc. #1-2) include what is the purported signature page of the 10 page contract; a letter

dated April 1, 1998, to plaintiff from defendant confirming an arrangement between plaintiff and a Mr. Robert McMichael for the purchase of United Bank & Trust Company; page 3 of a 10 page agreement; a Financial Guarantee Renewal Slip effective November 1999 through November 2000 with United International Limited as the insurer; and two Deeds of Assignment assigning real property to United Bank & Trust Company, Inc. irrevocably in favor plaintiff.

Although plaintiff has met the necessary prerequisites to pursue a default judgment by obtaining a Clerk's Entry of Default (Doc. #9) on May 11, 2006, the allegations in the Complaint are inadequate to support a default judgment in favor of plaintiff.

**II.**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

Even construing the Complaint liberally, due to plaintiff's unrepresented status, the Court finds that the allegations are

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

insufficient to support a default judgment as to all claims and fail to comply with Federal Rule of Civil Procedure 8 such that defendant would have adequate notice as to the claims against him.

As to the breach of contract claim, plaintiff failed to provide the entire contract, failed to allege what damages were actually incurred, and it is unclear what role Mr. McMichael and defendant played in the contract.[2]  To the extent that plaintiff claims that the contract was for the sum certain of $54 million, the Court cannot so find based on the attachments provided and without some proof of loss or Affidavit attesting to an amount of damages.  Therefore, the motion for default judgment will be denied as to the contract claim.

As to the fraud claim, this Court has recognized, pleading fraud with specificity is necessary to "(1) provide defendants with sufficient notice of what the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect the defendant from unfounded accusations of immoral or otherwise wrongful conduct." C.S.I.R. Enter., Inc. v. Sebrite Agency, Inc., 214 F. Supp. 2d 1276, 1281 (M.D. Fla. 2002).  It is clear that plaintiff has failed to meet the heightened pleading requirement for a fraud claim as no specific facts or details are alleged in the Complaint so as to

---

[2] The April letter attached to the Complaint implies that the contract was with Mr. McMichael and that the named defendant was the Managing Director for Fidelity Investments, Inc. (FII).

provide defendant with notice of the claims against him. Therefore, the Court cannot grant a default judgment in favor of plaintiff on this claim.

Lastly, plaintiff alleges a violation of the Racketeer Influenced and Corrupt Organizations (RICO) statute by simply stating "interstate dealings over the telephone, U.S. E-Mail, and facsimile." To establish a civil RICO claim, plaintiff must allege a conduct of an enterprise through a "pattern of racketeering activity" with at least two acts of racketeering activity; and establish a violation of 18 U.S.C. § 1962 with a resulting injury. See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1316-17 (11th Cir. 1998); Williams v. Mohawk Indus., Inc., 465 F.3d 1277 (11th Cir. 2006). As plaintiff did not adequately assert a RICO claim, judgment will be denied on this basis.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Court Default Judgment (Doc. #11) is **DENIED** with leave to amend the Complaint to properly state a claim for relief.

2.  The "Amended Complaint" shall be filed within **THIRTY (30) DAYS** of this Order.  If no amended complaint is filed, the case will be dismissed without prejudice and without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record